THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PATRICK JOHN VENTERS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING [33] MOTION FOR SENTENCE REDUCTION**<br><br>Case No. 2:20-cr-00026-DBB<br><br>District Judge David Barlow |

Before the court is Petitioner Patrick Venters' pro se motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Having considered Petitioner's written memoranda,[1] the United States Probation and Pretrial Services report,[2] and relevant law, the court determines that Mr. Venters has not established extraordinary and compelling reasons to warrant a sentence reduction. Therefore, the court denies the motion.

## BACKGROUND

On December 30, 2020, Mr. Venters pleaded guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to distribution of cocaine and possession of a firearm during a drug trafficking crime.[3] Pursuant to the plea agreement, on March 17, 2021, the court sentenced Mr. Venters to seventy-two months' imprisonment.[4] On June 4, 2023, Mr. Venters made a request to the

[1] Mot. for Sentence Reduction ("Compassionate Release Mot."), ECF No. 33, filed July 20, 2023. The Court notes that prior counsel for Mr. Venters was notified of the pro se motion pursuant to General Order 22-022. ECF No. 36. Counsel declined to appear or provide additional information to aid the Court's decision on Mr. Venters' Motion for Sentence Reduction. ECF No. 37.
[2] ECF No. 35.
[3] ECF No. 22.
[4] ECF No. 32.

Warden for a reduction in his sentence under the First Step Act. On July 20, 2023, Mr. Venters filed a motion for compassionate release, arguing that he should be released due to a more severe sentence than the court could have contemplated when originally sentenced because of COVID-19 prevention measures.[5]

**STANDARD**

Generally, "a court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, there are limited exceptions. 18 U.S.C. § 3582(c) grants the limited exception of compassionate release. Under this law, a defendant may request a modification of his sentence for "extraordinary and compelling reasons." *Id*. A court may do so only if the defendant has first exhausted his administrative remedies through the Bureau of Prisons ("BOP").[6] Exhaustion is met if a prisoner asks the BOP to bring a motion on his behalf and it either rejects the motion or does not respond within thirty days.[7]

Once the exhaustion requirement has been met, a court uses a three-step process: (1) the court asks whether "extraordinary and compelling reasons warrant such a reduction;" (2) the court determines if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the court considers the sentencing factors in § 3553(a), to the extent they are applicable.[8] However, because the Sentencing Commission has not issued statements since the passage of the First Step Act, the Tenth Circuit has determined that courts are not constrained by prior Sentencing Commission policy regarding motions for sentence

---

5 Compassionate Release Mot. 1.
6 § 3582(c)(1)(A).
7 *Id.*
8 *United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021) (quoting *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021)).

reduction under § 3582(c)(1)(A).[9] Thus, the court need only consider the first and third steps. In doing so, if any of the conditions are not met, the court may deny the motion without addressing the other conditions.[10] As explained in the following section, the court denies Mr. Venters' motion because he has not demonstrated extraordinary and compelling reasons to modify his sentence.

**DISCUSSION**

Mr. Venters argues that the conditions of his confinement during the COVID-19 pandemic resulted in a sentence that was more severe than the court could have contemplated[11] when it originally sentenced him. In support of his motion, Mr. Venters cites to the conditions he asserts are faced by inmates at FCI Sheridan during the pandemic and a change in the way his offense "is perceived."[12] Prior to filing the motion for sentence reduction in court, Mr. Venters properly exhausted his administrative remedies because the period for the Warden to respond to Mr. Venters' request to reduce his sentence passed before Mr. Venters filed his motion before the Court.[13]

Turning to the substance of the motion, Mr. Venters fails to demonstrate extraordinary and compelling reasons to modify his sentence beyond conditions allegedly faced by all inmates. "Courts have generally held that harsh conditions faced by all inmates are not extraordinary

---

[9] *United States v. Ford*, No. 23-3038, 2023 WL 3829725, at *1 (10th Cir. June 6, 2023) (unpublished); *see United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) ("[W]e reject the government's position that § 1B1.13 remains binding on the district court when a defendant files a motion to reduce sentence under § 3582(c)(1)(A) directly with the district court.").
[10] *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).
[11] Mr. Venters was sentenced about one year after the beginning of the COVID pandemic, so general difficulties involving COVID, including for incarcerated persons, were not new when he was sentenced.
[12] Compassionate Release Mot. 4.
[13] *Id.* at 5.

within the meaning of the First Step Act."[14] Indeed, Mr. Venters only alleges generalized harm applicable to "every inmate" at FCI Sheridan and does not explain how the conditions have created extraordinary and compelling reasons to release him individually. For example, he alleges that "[i]nmates . . . went days without daily medication," inmates were "beat . . . into submission," and that inmates were "not allowed to integrate with each other." Alarming but broad generalizations do not meet the standard required for compassionate release. Even in cases where a court has granted compassionate release due to extreme imprisonment conditions,[15] "petitioners must provide evidence that their pandemic incarceration produced real, individualized, and cognizable harm."[16]

In other words, reciting allegations about general conditions involving what others might have experienced is not enough. Petitioner's own experiences must be the basis for the "extraordinary and compelling" reasons. Petitioner's Motion consists of a form that addresses alleged conditions at FCI Sheridan generally. It is not tailored to Mr. Venters, but instead simply included blanks in the form where he added his name.

Mr. Venters also supports his motion by citing instances where other inmates at FCI Sheridan have received reductions to their sentences.[17] However, the assertion that other inmates

---

[14] *United States v. Johnson*, No. 17-1569, 2023 WL 2671403, at *5 (W.D. Tex. March 8, 2023) (citing *United States v. Koons*, 455 F.Supp. 3d 285, 291 (W.D. La. 2020); *United States v. Barth*, No. 16-cr-143-SE, 2023 WL 3505, at *2 (D.N.H. Jan 4, 2023) (collecting cases)).

[15] Mr. Venters cites to several federal cases from the Southern District of New York that found that "pandemic-induced conditions of confinement can constitute 'extraordinary and compelling' circumstances warranting compassionate release*." United States v. Kitroser*, No. 15 Cr. 19-1, 2023 WL 3173513, at *6 (S.D.N.Y. May 1, 2023) (citing 18 U.S.C. § 3553(a)). However, these cases involved instances where inmates alleged specific, cognizable harm. For example, in *Kitroser*, the inmate alleged that his serious medical conditions were worsened by the conditions of confinement. *Id.* at *5.

[16] *United States v. Martinez Encinias*, No. 13-2225, 2023 WL 4578452 at *10 (D.N.M. July 18, 2023).

[17] Compassionate Release Mot. 1 (citing *United States v. Westwolf*, No. CR-19-41, 2023 WL 3305102 (D. Mont. May 8, 2023); *United States v. Beltran*, No. CR 19-35, 2023 WL 3851047 (D. Mont. June 6, 2023); *United States v. Lira*, No. CR 17-34, 2023 WL 3626430 (D. Mont. May 24, 2023)).

received reductions does not explain why Mr. Venters is entitled to a reduction of his sentence. Moreover, the cases Mr. Venters cites supporting his motion involve instances where the court found inmates provided evidence of real, individualized, and cognizable harm, such as serious health conditions that were exacerbated by COVID-19 prevention measures.[18]

Mr. Venters has not identified individualized, cognizable harm. Finding no extraordinary and compelling reason to justify sentence reduction, the court finds compassionate release inappropriate.[19]

**ORDER**

Accordingly, Petitioner's Motion for Sentence Reduction[20] is DENIED.

Signed September 20, 2023.

BY THE COURT

________________________________________
David Barlow
United States District Judge

[18] First, Mr. Venters erroneously cites *United States v. Westwolf* as an example where compassionate release was granted when, in reality, it was not. *United States v. Westwolf*, No. CR-19-41, 2023 WL 3305102 (D. Mont. May 8, 2023) (holding that Westwolf did not meet his burden). Second, Mr. Venters cites to *United States v. Lira*, which unlike here, involved individualized, serious health conditions and changes to the U.S. Sentencing Guidelines. *United States v. Lira*, No. CR 17-34, 2023 WL 3626430 (D. Mont. May 24, 2023). Lastly, he looks to *United States v. Beltran*, which involved the failure to award an inmate credit for time served and anticipated changes to the Sentencing Guidelines, which are not at issue here. *United States v. Beltran*, No. CR 19-35, 2023 WL 3851047 (D. Mont. June 6, 2023).

[19] While the court decides this case upon Petitioner's failure to show extraordinary and compelling reasons to reduce the sentence, it notes that Mr. Venters has sustained seven disciplinary infractions in approximately the last year, including infractions for fighting, possessing a dangerous weapon, and use of drugs or alcohol. ECF No. 35. These serious, recent, infractions are an additional impediment to his motion.

[20] ECF No. 33.